IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 06-0349-PHX-ROS |
| Plaintiff/Respondent, | CV 09-1439-PHX-ROS (ECV) |
| vs. | **REPORT AND RECOMMENDATION** |
| Carlin Grant Bartschi, | |
| Defendant/Petitioner. | |

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

Pending before the court are Petitioner's *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 and Petitioner's Motion to Grant Relief Requested in Motion to Vacate. Doc. #1, #5.[1]

## BACKGROUND

On October 20, 2008, following a jury trial that ended on June 24, 2008, Petitioner was convicted of and sentenced on eight counts of Evasion of Assessment, two counts of Evasion of Payment, five counts of Submission of Fictitious Obligations and three counts of Mail Fraud. Doc. #126 of CR 06-0349-PHX-ROS. He was sentenced to 51 months in prison to be followed by three years of supervised release. Id. Petitioner did not file a direct appeal.

---

[1] Unless otherwise indicated, the cited docket numbers are from the civil case that was opened upon the filing of the motion to vacate.

On July 9, 2009, Petitioner filed his Motion to Vacate pursuant to 28 U.S.C. § 2255 (hereafter "petition") in this court. Doc. #1. He alleges one ground for relief in the petition: that his lawyers provided ineffective assistance of counsel in violation of the Sixth Amendment when they failed to timely move to dismiss the indictment based on a violation of the Speedy Trial Act. The United States filed a Response to Defendant's Motion to Vacate on September 22, 2009. Doc. #6. Petitioner filed a Reply on October 20, 2009. Doc. #11. On October 21, 2009, the case was referred to this court for a Report and Recommendation.

**DISCUSSION**

Petitioner argues in his petition that the clock began running under the Speedy Trial Act on June 6, 2007, the day he was indicted and arraigned pursuant to a Superseding Indictment. He claims that between June 6, 2007, and the date his trial began on June 17, 2008, there were at least 374 non-excludable days. He contends that because he was not brought to trial within 70 non-excludable days, his rights under the Speedy Trial Act were violated.[2] He claims that his lawyers' failure to seek dismissal of the indictment on this basis constituted ineffective assistance of counsel. The Government argues in its response that the petition must be denied because there was no violation of the Speedy Trial Act and that any delays were caused by Petitioner's conduct.

**B.   Legal Standards**

The two-prong test for ineffective assistance of counsel was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a

---

[2] Petitioner claims in his reply that the Speedy Trial Act was also violated after his initial indictment. Doc. #11 at 2. Although the court typically would not address a claim raised for the first time in a reply, for purposes of fully analyzing the ineffective assistance claim, the court will consider appointed counsel's actions from the time he was first appointed following the initial indictment.

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. <u>Strickland</u>, 466 U.S. at 689-90. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Id.</u> at 689.

Under the Speedy Trial Act, 18 U.S.C. § 3161 <u>et seq.</u>, a criminal defendant's trial must begin within 70 days of the date the indictment was filed or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The statute, however, provides that certain periods of time are excluded from the 70-day calculation. 18 U.S.C. § 3161(h). Among the time periods excluded is:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). The court must set forth in the record, either orally or in writing, its reasons for finding that the ends of justice served by a continuance outweigh the interests in a speedy trial. <u>Id.</u> Section 3161(h)(7)(B) contains the factors a judge must consider in determining whether to grant a continuance. Among the factors are whether the case is so unusual or complex that it would be unreasonable to expect adequate preparation within the required time frame, and whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel or deny counsel for either party reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B)(ii, iv).

After subtracting properly excludable periods of delay, a defendant may move for a dismissal of the indictment if he is not brought to trial within the 70-day period mandated by the Speedy Trial Act. <u>United States v. Medina</u>, 524 F.3d 974, 980 (9th Cir. 2008) (<u>citing</u> 18 U.S.C. 3162(a)(2)). The burden to prove that the delay satisfies the criteria for dismissal

1 rests with the defendant. Id. "Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or no lo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2).

**C.     Application**

**1.     Petitioner's Attorney**

Petitioner identifies three attorneys in his claim for ineffective assistance of counsel. Doc. #1 at 4. He contends that each of them failed to move under the Speedy Trial Act to dismiss the indictment against him. Id. Only one of the three, however, was appointed to represent Petitioner in defense of the charges against him. At an initial appearance on April 12, 2006, Attorney George Klink was appointed to represent Petitioner. Doc. #4 of CR 06-0349-PHX-ROS. He represented Petitioner until the Court permitted him to withdraw as counsel of record on February 1, 2008. Doc. #52 of CR 06-0349-PHX-ROS. At that time, the Court appointed a second attorney, Philip Seplow, but only for the limited purpose of determining whether Petitioner was entitled to appointed counsel. Id. At a status hearing on April 11, 2008, the Court relieved Mr. Seplow of his duties, removed him from the case and gave Plaintiff time to obtain his own lawyer. Doc. #65. Petitioner never obtained a private lawyer and instead represented himself at trial. The Court appointed stand-by counsel in the event Petitioner changed his mind.

After Mr. Klink withdrew, the court determined that Petitioner was not eligible for appointed counsel and his only option was to pay for his own lawyer. Because he chose instead to represent himself, he has no cognizable claim for ineffective assistance of counsel against the lawyers that came after Mr. Klink, given the very limited purposes for which they were appointed. See Faretta v. California, 422 U.S. 806, 834 n.46 (1975) ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"). Thus, only Petitioner's claim of ineffective assistance against Mr. Klink is cognizable.

**2.     Compliance With Speedy Trial Act**

- 4 -

As stated above, Petitioner's initial appearance, following the return of an indictment, was on April 12, 2006. Doc. #4 of CR 06-0349-PHX-ROS. On May 11, 2006, Mr. Klink filed the first motion to continue the trial. Doc. #12 of CR 06-0349-PHX-ROS. The Court granted the motion and continued the trial to July 5, 2006. Doc. #13 of CR 06-0349-PHX-ROS. The Court found that the ends of justice served by continuing the trial outweighed the best interest of the public and Petitioner in a speedy trial. Id. The court based its finding on the factors set forth in 18 U.S.C. § 3161(h)(7)(B)(ii, iv).[3] Id. The Court therefore excluded the time beginning on May 11, 2006, the date the motion was filed, until the new trial date. Id. The 29 days between the initial appearance and the motion were not excluded.

On June 22, 2006, Mr. Klink filed a motion to designate the case complex. Doc. #14 of CR 06-0349-PHX-ROS. One week later, he filed a second motion to continue based on the complexity of the case and the extensive discovery. Doc. #15 of CR 06-0349-PHX-ROS. The Court granted the motion to continue on June 30, 2006, again making the "ends of justice" finding supported by the specific reasons set forth in 18 U.S.C. § 3161(h)(7)(B)(ii, iv). Doc. #16 of CR 06-0349-PHX-ROS. The Court therefore excluded the time between June 29, 2006, and the new trial date of September 6, 2006. Id.

In the motion to designate the case complex, Mr. Klink explained that the Government's allegations against Petitioner were so extensive and broad that all of Petitioner's financial affairs dating back to 1995 would have to be examined. Doc. #14 of CR 06-0349-PHX-ROS. Additionally, counsel explained that the allegations involved a complex scheme that would require substantial amounts of time to understand and preparation to defend against. Id. Counsel stated that it would be unreasonable to expect adequate preparation within the usual time limits. Id. On August 4, 2006, the court held a status conference to address the motion. Doc. #19 of CR 06-0349-PHX-ROS. Referencing the reasons presented by counsel, the Court granted the motion and set a new scheduling

---

[3] The Court's order was before the 2008 amendments to the rule and thus, the order cites 18 U.S.C. § 3161(h)(8)(A)(B)(ii) and (iv). The content of those subsections did not change, just the numbering.

order. Doc. #20 of CR 06-0349-PHX-ROS. The Court set a new trial date of August 21, 2007, and excluded the time between June 29, 2006 and the new trial date. Id.

On May 16, 2007, Mr. Klink filed a third motion to continue the trial, again explaining the need for more time to review the extensive discovery. Doc. #21 of CR 06-0349-PHX-ROS. In a Minute Entry on May 25, 2007, the Court granted the motion, re-set the trial on December 4, 2007, and indicated that an order would follow. Doc. #25 of CR 06-0349-PHX-ROS. The docket does not show that a follow-up order was issued, most likely because a superseding indictment was filed against Petitioner on May 29, 2007. Doc. #23 of CR 06-0349-PHX-ROS. The Court then held a status conference on June 11, 2007, and, after considering proposed amendments to the scheduling order, directed counsel for Petitioner to submit a fourth motion to continue. Thus, although the Court in its May 25, 2007, status conference minute entry did not exclude time when it continued the trial to December 4, 2007, the failure to do so became irrelevant in light of the supervening indictment and the subsequent fourth motion to continue.

For essentially the same reasons set forth in the third motion to continue, Mr. Klink filed a fourth motion to continue on June 12, 2007. Doc. #27 and #30 (amended motion) of CR 06-0349-PHX-ROS. Finding that the ends of justice were served by a continuance and basing that finding on the specific reasons set forth in 18 U.S.C. § 3161(h)(7)(B)(ii, iv), the Court granted the motion and set a new trial date of March 11, 2008. Doc. #31 of CR 06-0349-PHX-ROS. The Court excluded the time from June 12, 2007 to the new trial date, thus overlapping the prior extension to December 4, 2007, and rendering it moot. Id.

On January 14, 2008, Petitioner filed a *pro se* Motion to Dismiss the supervening indictment, despite being represented by Mr. Klink. Doc. #39 of CR 06-0349-PHX-ROS. Petitioner claimed the court lacked jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and that the charges against him failed to state a claim under Rule 12(b)(6). Id. On February 4, 2008, Mr. Klink was allowed to withdraw from further representation and Philip Seplow was appointed for the limited purpose of determining whether Petitioner was entitled to appointed counsel. Doc. #52. Thus, any alleged obligation on Mr. Klink's part

1 to move for dismissal based on a violation of the Speedy Trial Act ended on February 4, 2008.

Because there was no violation of the Speedy Trial Act during Mr. Klink's representation of Petitioner, moving for dismissal on that basis would have been futile. The only time period that was not excluded was the 29 days between the initial appearance and the first motion to continue. Otherwise, the Court properly excluded the time based on its finding that the ends of justice served by continuing the trial outweighed the best interest of the public and Petitioner in a speedy trial. The Court properly supported its findings with specific references to the reasons set forth by Mr. Klink in his motions and the statutory reasons provided in 18 U.S.C. § 3161(h)(7)(B)(ii, iv). Thus, Mr. Klink's failure to move for dismissal based on a purported Speedy Trial Act violation was not deficient performance and not a violation of Petitioner's right to effective assistance of counsel.

It should be noted also that nowhere in the record does it show Petitioner voiced any objection to Mr. Klink's motions to continue the trial. Further, when Petitioner represented himself beginning on February 4, 2008, to the end of his trial on June 24, 2008, he never moved to dismiss the case for a violation of the Speedy Trial Act.

Finally, in an abundance of caution, the court will address the Motion to Continue Trial filed by Mr. Seplow on February 25, 2008. Doc. #58 of CR 06-0349-PHX-ROS. Mr. Seplow explained in the motion that he had yet to meet with Petitioner to fulfill his limited role of determining whether Petitioner was entitled to court-appointed counsel. Id. He explained that regardless of this determination, any new lawyer would need time to prepare for trial. Id. Thus, he moved for a 60-day continuance pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv). The Court granted the motion upon finding that "failure to continue the proceeding would deny counsel for the [Petitioner] the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Doc. #62 of CR 06-0349-PHX-ROS (citing 18 U.S.C. § 3161(h)(7)(B)(iv)). Based on this factor, the Court found that the ends of justice served by granting a continuance outweighed the interests in

a speedy trial. Id. The Court, therefore, re-set the trial to May 13, 2008, excluding the time between the date the motion was filed and the new trial date. Id.

On April 11, 2008, Mr. Seplow was relieved of his limited duties and no longer assigned to the case. Doc. #65 of CR 06-0349-PHX-ROS. During the limited time Mr. Seplow was involved in the case, time was properly excluded from the 70-day trial deadline. Thus, Mr. Seplow's failure to seek dismissal on speedy trial grounds was not deficient performance and not ineffective assistance.

For the foregoing reasons, the court will recommend that Petitioner's claim for ineffective assistance of counsel, the only claim in his petition, be denied.

## D. Motion to Grant Relief Requested in Motion to Vacate

On September 18, 2009, Petitioner filed a Motion to Grant Relief Requested in Motion to Vacate. Doc. #5. He claims that the United States failed to file a timely response to the motion to vacate. In its Response to Motion to Grant Relief Requested in Motion to Vacate, the Government acknowledged that its response to the petition was untimely by a day. Doc. #7. In a separate motion, however, the Government moved for an extension of time to file its response to the petition, which this court granted. Doc. #8, #10. Accordingly, the court will recommend that Petitioner's Motion to Grant Relief Requested in Motion to Vacate be denied.

**IT IS THEREFORE RECOMMENDED:**

That Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #1) be **denied**; and

That Petitioner's Motion to Grant Relief Requested in Motion to Vacate (Doc. #5) be **denied**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 27th day of May, 2010.

Edward C. Voss
United States Magistrate Judge