UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV-09-01439-PHX-ROS |
| Plaintiff/Respondent, | ) | CR 06-00349-PHX-ROS |
| vs. | ) | **ORDER** |
| Carlin Grant Bartschi, | ) | |
| Respondent/Petitioner. | ) | |

Pending before the Court is Magistrate Judge Edward C. Voss' Report and Recommendation (R&R), which was filed on May 27, 2010. (Doc. 13). Judge Voss recommends Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and Motion to Grant Relief Requested in Motion to Vacate (Doc. 5) be denied.

On June 14, 2010, believing no objections had been filed by Petitioner, this Court issued an Order adopting the R&R and denying Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and Motion to Grant Relief Requested in Motion to Vacate (Doc. 5). Later that same day, June 14, 2010, Petitioner's objections to the R&R, which were filed June 11, 2010, were docketed. (Doc. 16). Accordingly, the Court vacated its Order adopting the R&R and reopened the case (Doc. 17). Having now considered Petitioner's objections, the Court will adopt the R&R for the reasons below.

**BACKGROUND**

Following a jury trial, Petitioner was convicted of eight counts of Evasion of Assessment, two counts of Evasion of Payment, five counts of Submission of Fictitious Obligations and three counts of Mail Fraud. (Doc. 126 of CR 06-0349-PHX-ROS). On October 20, 2008, Petitioner was sentenced to 51 months in prison and three years of supervised release. (Id.). Petitioner did not file a direct appeal.

On July 9, 2009, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (the "petition"). (Doc. 1). The United States filed a Response (Doc. 6) and Petitioner filed a Reply (Doc. 11). Petitioner also filed a Motion to Grant Relief Requested in Motion to Vacate. (Doc. 5). Petitioner argues his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, were violated. Specifically, Petitioner argues there were at least 374 non-excludable days between his June 6, 2007 indictment and arraignment and the June 17, 2008 start of his trial. Petitioner argues he was not brought to trial within 70 non-excludable days, and his lawyers' failure to seek dismissal of the indictment on this basis constituted ineffective assistance of counsel. The United States argues there was no violation of the Speedy Trial Act and the delays were caused by Petitioner's conduct.

**ANALYSIS**

**I. Standard of Review**

A district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A court need review only those portions objected to by a party, meaning a court can adopt without further review all unobjected to portions. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003).

**II. Legal Standard**

**A.    Speedy Trial Act**

Under the Speedy Trial Act, a criminal defendant's trial must begin within 70 days of the date the indictment is filed or the defendant's initial appearance, whichever is later.

18 U.S.C. § 3161(c)(1).  Certain periods of time are excludable, including:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).  The court must set forth its reasons for such a finding on the record.  *Id.*  Among the factors a judge must consider are whether the case is so unusual or complex that it would be unreasonable to expect adequate preparation within the required time frame, and whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel or deny counsel for either party reasonable time necessary for effective preparation.  18 U.S.C. § 3161(h)(7)(B)(ii, iv).

A defendant may move to dismiss the indictment if he is not brought to trial within 70 non-excludable days.  *United States v. Medina*, 524 F.3d 974, 980 (9 th Cir. 2008) (citing 18 U.S.C. § 3162(a)(2)).  The burden to prove the delay was non-excludable is on defendant, and failure to move for dismissal on these grounds constitutes waiver.  18 U.S.C. § 3162(a)(2).

### B.      Ineffective Assistance of Counsel

To prove ineffective assistance of counsel, a convicted defendant must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the result of the proceeding would have been different but for counsel's errors.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  There is a strong presumption that counsel's conduct is within the range of reasonable assistance.  *Id.* at 689-90.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id.* at 689.

1

### III.    Application of Law to Facts

Petitioner alleges ineffective assistance of counsel based on the conduct of three attorneys, each of whom failed to move under the Speedy Trial Act to dismiss the indictment. (Doc. 1, at 4).  Only attorney George Klink, however, was appointed to represent Petitioner in the charges against him. (Doc. 4 of CR 06-0349-PHX-ROS).  Klink represented Petitioner until February 1, 2008, when the Court permitted him to withdraw as counsel after Petitioner filed a *pro se* Motion to Dismiss despite being represented.  (Doc. 52 of CR 06-0349-PHX-ROS).  Upon Klink's withdrawal, the Court appointed attorney Philip Seplow for the limited purpose of determining whether Petitioner was entitled to appointed counsel.  (Id.).  The Court determined Petitioner was not eligible for appointed counsel.  Seplow was relieved from his duties on April 11, 2008, and Petitioner was given time to obtain his own lawyer. (Doc. 65 of CR 06-0349-PHX-ROS). Petitioner instead represented himself at trial.  The third attorney was appointed stand-by counsel in the event Petitioner changed his mind. Because of the limited role of counsel subsequent to Klink, and because Petitioner cannot claim ineffective assistance of counsel for representing himself, *see Faretta v. California*, 422 U.S. 806, 834 n.46 (1975), the only cognizable claim for ineffective assistance of counsel based on failure to move under the Speedy Trial Act to dismiss the indictment is based on Klink's representation prior to his withdrawal.

Petitioner's initial appearance was on April 12, 2006.  (Doc. 4 of CR 06-0349-PHX-ROS).  Klink filed the first motion to continue trial on May 11, 2006.  (Doc. 12 of CR 06-0349-PHX-ROS).  The Court granted the motion and continued trial to July 5, 2006.  (Doc. 13 of CR 06-0349-PHX-ROS).  In so doing, the Court found the ends of justice served by continuing the trial outweighed the best interest of the public and Petitioner in a speedy trial, and set forth factors from 18 U.S.C. § 3161(h)(7)(B)(ii, iv).[1]  The Court excluded the time beginning on May 11, 2006 until the new trial date.  (Id.).  The 29 days between the initial

_____

[1] The order was issued before the 2008 amendments.  The statute was renumbered, but the content of the cited subsections was unchanged.

appearance and the motion to continue were not excluded.

On June 22, 2006, Klink filed a motion to designate the case complex, and the following week filed a second motion to continue based on the complexity of the case. (Doc. 14 and 15 of CR 06-0349-PHX-ROS). The Court granted the motion to continue on June 30, 2006, again making findings on the record based on 18 U.S.C. § 3161(h)(7)(B)(ii, iv). (Doc. 16 of CR 06-0349-PHX-ROS). The Court excluded the time between June 29, 2006 and the new trial date of September 6, 2006. (Id.). Klink explained the Government's allegations against Petitioner required examining Petitioner's finances dating back to 1995, substantial time was needed to prepare a defense, and it would be unreasonable to expect adequate preparation within the usual time limits. (Doc. 14 of CR 06-0349-PHX-ROS). The Court held a status conference to address the motion to designate the case complex (Doc. 19 of CR 06-0349-PHX-ROS), granted the motion and set a new scheduling order. (Doc. 20 of CR 06-0349-PHX-ROS). The Court set the trial for August 21, 2007, and excluded the time between June 29, 2006 and the new trial date. (Id.).

On May 16, 2007, Klink filed a third motion to continue, again based on the extensive discovery. (Doc. 21 of CR 06-0349-PHX-ROS). In a May 25, 2007 minute entry, the Court granted the motion, reset the trial for December 4, 2007, and indicated an order would follow. (Doc. 25 of CR 06-0349-PHX-ROS). The docket does not show a follow-up order. However, a superseding indictment was filed against Petitioner on May 29, 2007. (Doc. 23 of CR 06-0349-PHX-ROS). Although the Court did not exclude time in its May 25, 2007 minute entry, that became irrelevant in light of the new indictment and the subsequent fourth motion to continue which overlapped the prior excluded time. The Court held a June 11, 2007 status conference and directed counsel for Petitioner to submit a fourth motion to continue. Klink filed a fourth motion to continue on June 12, 2007. (Doc. 27 of CR 06-0349-PHX-ROS). Again making findings on the record under 18 U.S.C. § 3161(h)(7)(B)(ii, iv), the Court granted the continuance, set a new trial date of March 11, 2008, and excluded the time from June 12, 2007 to the new trial date, thus overlapping the prior excluded time. (Doc. 31 of CR 06-0349-PHX-ROS); (Doc. 20 CR 06-0349-PHX-ROS (excluding time from

1   June 29, 2006 to August 21, 2007)).

2   On January 14, 2008, despite being represented by counsel, Petitioner filed a *pro se*
3   Motion to Dismiss the superseding indictment arguing lack of jurisdiction and failure to state
4   a claim. (Doc. 39 of CR 06-0349-PHX-ROS). On February 4, 2008, Klink was allowed to
5   withdraw from representation. (Doc. 52 of CR 06-0349-PHX-ROS). Seplow was appointed
6   for the limited purpose of determining whether Petitioner was entitled to appointed counsel.
7   (Id.). Thus, any claim for ineffective assistance of counsel based on Klink's failure to move
8   for dismissal under the Speedy Trial Act ended on February 4, 2008.

9   There were 29 non-excludable days between the initial appearance and the first
10  motion to continue. All other time was properly excluded based on the Court's findings on
11  the record under 18 U.S.C. § 3161(h)(7)(B)(ii, iv). Thus, Klink could not have properly
12  moved for dismissal based on the Speedy Trial Act. As such, Petitioner's claim for
13  ineffective assistance of counsel fails. *Strickland*, 466 U.S. at 687-88. Additionally, the
14  record does not reflect Petitioner objecting to Klink's motions to continue trial. Moreover,
15  Petitioner did not move to dismiss the case on this basis when he represented himself after
16  February 4, 2008.

17  Petitioner's objections (Doc. 16) focus on Klink's failure to move for dismissal based
18  on the Speedy Trial Act, which is addressed above. Petitioner also devotes one paragraph
19  to arguing that Seplow likewise should have moved to dismiss under the Speedy Trial Act.
20  (Id.). To the extent this argument, raised for the first time in his Reply (Doc. 5), is properly
21  before the Court, it fails. In his February 25, 2008 motion to continue trial (Doc. 58 of CR
22  06-0349-PHX-ROS), Seplow explained he had yet to meet with Petitioner to discuss his
23  limited role of determining whether Petitioner was entitled to court-appointed counsel and,
24  regardless of the determination, any new lawyer–court-appointed or not–would need time to
25  adequately prepare for trial. (Id.). The Court granted the motion to continue, again finding
26  the ends of justice served by granting a continuance outweighed the interests in a speedy trial
27  and citing to factors in 18 U.S.C. § 3161(h)(7)(B)(iv). (Doc. 62 of CR 06-0349-PHX-ROS).
28  The Court reset trial for May 13, 2008, and excluded the time between the motion to continue

1  and the new trial date.  Seplow was relieved of his limited role on April 11, 2008.  (doc. 65

2  of CR 06-0349-PHX-ROS).  During his brief, limited role in this case, Seplow had no basis

3  to  move to dismiss based on the Speedy Trial Act.  Therefore, there was no ineffective

4  assistance of counsel.

5          Also pending before the Court is Petitioner's Motion to Grant Relief Requested in

6  Motion to Vacate (Doc. 5), in which Petitioner claims the United States failed to file a timely

7  response to the motion to vacate.  Although the R&R addressed this issue, Petitioner's

8  objections do not address this issue.  Nevertheless, for clarification purposes, the Court

9  agrees that the Government was granted an extension for time to file its response to the

10 petition and, therefore, Petitioner's Motion (Doc. 5) should be denied.

11         Accordingly,

12         **IT IS ORDERED** the Report and Recommendation (Doc. 13) is **ADOPTED IN**

13 **FULL**.  The petition (**Doc. 1**) and motion to grant relief (**Doc. 5**) are **DENIED** and

14 **DISMISSED WITH PREJUDICE**.

15         **IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed *in*

16 *forma pauperis* on appeal is **DENIED** because Petitioner has not made a substantial showing

17 of the denial of a constitutional right.

18         DATED this 2nd day of December, 2010.

19

20

21

22                                          _____
                                            Roslyn O. Silver
23                                          United States District Judge

24

25

26

27

28